# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MRI SOFTWARE LLC<br>28925 Fountain Parkway<br>Solon, Ohio 44139<br><br>　　　Plaintiff,<br><br>　　　　　v.<br><br>SUTHERLAND GLOBAL SERVICES, INC.<br>1160 Pittsford-Victor Road<br>Pittsford, NY 14534<br><br>　　　Defendant. | Case No.: 1:13-cv-02724<br><br>Judge: Patricia A. Gaughan<br><br>**AMENDED COMPLAINT** |

　　　Plaintiff MRI Software LLC ("MRI" or "Plaintiff") through its undersigned counsel, for its complaint against Defendant Sutherland Global Services, Inc.[1] ("Sutherland" or "Defendant"), states as follows:

　　　1.　　This is an action for breach of the Master Agreement between MRI and Sutherland having an Effective Date of January 1, 2011 (herein the "Agreement") (Count I), and copyright infringement pursuant to 17 U.S.C. § 101 *et seq.* (Count II).

　　　2.　　Plaintiff MRI is a Delaware corporation with its principal place of business at 28925 Fountain Parkway Solon, Ohio 44139.

　　　3.　　Upon information and belief, Defendant Sutherland Global Services, Inc. ("Sutherland") is a New York corporation with its principal place of business at 1160 Pittsford-Victor Road, Pittsford, NY 14534.

---

[1] This Amended Complaint corrects the Defendant's name and is otherwise the same as the original Complaint filed this same day.

{02273375.DOC;3}　　　　　　　　　　1

4. MRI's causes of action include claims under the Federal Copyright Act, 17 U.S.C. §§ 101 *et seq*. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338. Additionally, there is diversity jurisdiction under 28 U.S.C. §l332(a).

5. This Court additionally has supplemental subject matter jurisdiction over the pendent state law claims under 28 U.S.C. § 1367, because these claims are so related to MRI's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Venue in this district is appropriate, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to the dispute occurred in this district, a substantial part of the property that is the subject of the action was and is situated in this district. Venue is this district is also appropriate because Section 10.15 of the Agreement states that disputes shall be litigated here.

7. Sutherland is subject to the personal jurisdiction of this Court and the Court's exercise of such jurisdiction over Sutherland comports with due process.

8. Sutherland is subject to the personal jurisdiction of this Court by virtue of Section 10.15 of the Agreement, whereby Sutherland expressly consented to the jurisdiction of this Court and waived any claim that it is not personally subject to the jurisdiction of this Court.

9. Upon information and belief, Sutherland is also subject to the personal jurisdiction of this Court by virtue of the Ohio long-arm statute inasmuch as Sutherland, acting directly or through its agents, has caused the events giving rise to the claims asserted herein to occur by: (a) transacting business in Ohio and this judicial district; or (b) causing tortious injury to MRI in the State of Ohio by an act or omission outside the state while otherwise engaging in

other persistent conduct in the state or deriving substantial revenue from goods used or services rendered in the state.

## IV.     FACTUAL ALLEGATIONS

10.     MRI is the leading developer of real estate property management software.  MRI primarily offers software suites for two markets, residential and commercial real estate.  MRI's Residential Management Solution is designed to meet the needs of owners and managers of apartment communities.  For example, the MRI Residential Management Solution helps property managers manage leasing, schedule lease renewals, manage tenants' deposits, reach maximum occupancy, and ensure customer satisfaction. MRI's Commercial Management Solution is designed to meet the needs of owners and managers of office space and retail and industrial property managers.  MRI's Commercial Management Solution helps owners and managers maximize profitability by, for example, providing accounting lease administration, billing and reporting functionalities.

11.     In addition to the Residential and Commercial Management Solutions, MRI also offers many complimentary software modules including, for example, modules for managing accounts payable, accounts receivable, general ledger, and purchase orders.  MRI also offers software that allows user to create customizations, such as report design and web design modules.  MRI's software offerings are referred to collectively herein as the "MRI Software."

12.     MRI owns valid and enforceable copyrights in the MRI Software, and related documentation, and all upgrades, updates, patches, bug fixes, hot fixes and other modifications thereof, which are creative works of original authorship (collectively the "Copyrighted Works"). At all times relevant hereto, MRI or its predecessor in interest has owned exclusively all rights in and to the Copyrighted Works, specifically including the copyrights therein.

13. MRI has secured numerous registrations from the U.S. Copyright office covering the Copyrighted Works, specifically including the following:

| Title of Work | Copyright Registration No. |
| --- | --- |
| MRI Windows | TX0005447523 |
| MRI Software v1.3 | TX 452-908 |
| MRI Software v1.4 | TX 7-453-185 |
| MRI Software v1.05 | TX 7-452-911 |
| MRI Software v2.0 | TX 7-453-168 |
| MRI Software v2.1.2 | TX 7-452-905 |
| MRI Software v2.1.3 | TX 7-452-861 |
| MRI Software v2.1.4 | TX 7-453-173 |
| MRI Software v2.1.5 | TX 7-453-176 |
| MRI Software v3.0 SP3 | TX 7-452-798 |
| MRI Software v3.0 SP4 | TX 7-452-780 |
| MRI Software v3.0 | TX 7-453-181 |
| MRI Software v4.0 SP1 | TX 7-452-809 |
| MRI Software v4.0 SP2 | TX 7-452-789 |
| MRI Software v4.0 SP3 | TX 7-452-727 |
| MRI Software v4.0 SP4 | TX 7-452-677 |
| MRI Software v4.0 | TX 7-452-816 |
| MRI Software v4.2 | TX 7-455-146 |
| MRI Software v4.3 | TX 7-501-582 |
| MRI Software v4.4 | TX-7-630-858 |

14. The foregoing registration certificates are attached hereto as <u>Exhibit A</u>.[2]

15. As is typical in the software industry, MRI does not sell ownership rights to its Software or related support products to its customers. Instead, each MRI client purchases a non-exclusive license allowing a certain number of the client's employees limited rights to use

---

[2] As to TX0005447523, a government record of the copyright registration is included in Exhibit A.

specific MRI Software solely for the client's own business purposes and solely as enabled by the client's license keys.

16. On November 1, 2010, MRI entered into the Agreement with Convergys Customer Management Group Inc. ("Convergys").

17. The Agreement was amended to be made effective January 1, 2011.

18. Upon information and belief, after the Agreement was formed, Convergys sold its finance and accounting business to Sutherland.  Convergys assigned to Sutherland all of Convergys' rights and interest in the MRI Software under the Agreement, and Sutherland assumed all of Convergys' duties and obligations under the Agreement.

19. Section 3.1 of the Agreement is entitled "Fees and Payment Terms" and states as follows:

> 3.1  **Fees and Payment Terms**. Fees are specified in the applicable Order Document. Fees are exclusive of, and Client is responsible for, shipping costs.
>
> Payment of all fees is due 30 days after the invoice date, unless otherwise agreed in the Order Document. Interest accrues on past due balances at the lesser of a 1 1/2% per month or the highest rate allowed law.
>
> If Client fails to make payments of any fees due under the Agreement, Client shall be in material breach of this Agreement.  MRI will be entitled to suspend its performance upon ten (10) day written notice to Client and/or to modify the payment terms, and to require full payment before any additional performance is rendered by MRI. Notwithstanding any of MRI's rights enumerated in Sections 3.1 or 9 of this Master Agreement, if Client fails to timely pay applicable fees under an Order Document, MRI shall be entitled to collect all past and current amounts due and owing, and to accelerate all future amounts to be due, such that all remaining periodic payments for the then current term of the applicable Order Document are immediately 'due and owing. Client shall be responsible to pay any collection expenses (including attorneys fees) incurred by MRI.
>
> Unless expressly provided otherwise, fees paid or payable for Software Licenses, SaaS Services or Maintenance and Support are not contingent under any circumstances upon the performance of any Professional Services.

20. Sutherland failed to fulfill its obligations pursuant to Section 3.1 of the Agreement to timely pay all fees due, and has failed since to properly cure its breach.

21. Sutherland failed to timely pay, and has still not paid, at least $75,963.45 due under the Agreement.

22. On September 20, 2013, MRI properly terminated the Agreement pursuant to Section 9.2 of the Agreement.

23. Section 9.3 of the Agreement is entitled "Post-Termination Obligations" and states:

> 9.3 Post-Termination Obligations. Following termination of the Agreement or a Schedule (for whatever reason), Client shall certify that it has returned or destroyed all copies of the applicable Software, Content and Confidential Information of MRI and acknowledges that its rights to use the same are relinquished. Termination of this Agreement for any reason shall not excuse Client's obligation to pay in full any and all amounts due, nor shall termination by MRI result in a refund of fees paid. Client shall use its commercially reasonable efforts to remove all Client Data from any Software or SaaS Service prior to termination of the Agreement or applicable Schedule. Client may engage MRI to assist Client in removing such Client Data at MRl's then standard rates. If any Client Data remains in the Software or SaaS Service more than 30 days after the effective date of termination, MRI may, in its sole discretion and without notice, delete any and all Client Data.

24. Section 10.7 of the Agreement is entitled "Compliance" and states:

> 10.7 Compliance. During the term of this Master Agreement and for a period of one year following its termination, Client shall maintain and make available to MRI records sufficient to permit MRI or an independent auditor retained by MRI to verify, upon ten days written notice, Client 's full compliance with the terms and requirements of the Agreement. Such audit shall be performed during regular business hours. If such verification process reveals any noncompliance by Client with the Agreement, Client shall reimburse MRI for the reasonable costs and expenses of such verification process (including, but not limited to the fees of an independent auditor) incurred by MRI, and Client shall promptly cure any such noncompliance, including without limitation through the payment of any and all fees owed to MRI during the period of noncompliance; provided, however, that the obligations under this Section do not constitute a waiver of MRI's termination rights. Client acknowledges that the Software may include a license manager, component to track usage of the Software and agrees not to impede, disable or otherwise undermine such license manager's operation.

25. On September 30, 2013, MRI demanded that Sutherland: (i) cease and desist all use of the Software, Content and Confidential Information of MRI (as defined in the Agreement); (ii) immediately remove all instances of the MRI Software from its possession or the possession of anyone in its control; (iii) provide written certification of the foregoing; and (iv) provide MRI or its agents access to Sutherland's systems to confirm the removal of the MRI Software as permitted by Section 10.7 of the Agreement. Additionally, MRI provided notice to Sutherland of its intent to audit pursuant to Section 10.7 of the Agreement.

26. Upon information and belief, Sutherland breached Paragraphs 9.3 and 10.7 of the Agreement by failing to cease and desist all use of the Software, Content and Confidential Information of MRI, failing to remove all instances of the MRI Software from its possession or the possession of anyone in its control, failing to provide written certification of the foregoing and/or failing to provide MRI or its agents access to Sutherland's systems to confirm the removal of the MRI Software.

## COUNT I
## (BREACH OF THE AGREEMENT)

27. MRI incorporates by reference and restates each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

28. The Agreement constituted a valid and enforceable contract between MRI and Convergys and later, between MRI and Sutherland.

29. MRI at all times fully complied with all of its obligations to Convergys and Sutherland under the Agreement.

30. Sutherland failed and continues to fail to perform its continuing contractual obligations under the Agreement and has breached, and continues to breach, one or more of its duties under the Agreement.

31. Sutherland's failures, alone and in the aggregate, constitute material breaches of the Agreement.

32. MRI is entitled to specific performance by Sutherland of its obligations under the Agreement. Unless Sutherland performs its obligations under the Agreement, MRI will suffer irreparable injury, for which damages will not suffice.

33. As a result of Sutherland's material breaches, MRI incurred and is entitled to recover against Sutherland, among other losses, damages in an amount to be determined at trial.

## COUNT II
## (COPYRIGHT INFRINGEMENT)
## (17 U.S.C. § 501 et seq.)

34. MRI incorporates by reference and restates each of the allegations in the preceding paragraphs of this Complaint as though fully set forth herein.

35. MRI owns valid and enforceable copyrights in the Copyrighted Works.

36. At all times relevant hereto, MRI or its predecessor in interest has owned exclusively all rights in and to the Copyrighted Works, specifically including the copyrights therein.

37. MRI has secured numerous registrations from the U.S. Copyright office covering the Copyrighted Works, as described above.

38. Upon information and belief, Sutherland infringed MRI's copyrights by reproducing the Copyrighted Works, in whole or in part, without authorization from MRI, in violation of 17 U.S.C. §106.

39. Upon information and belief, Sutherland infringed MRI's copyrights by creating derivatives works from the Copyrighted Works without authorization from MRI, in violation of 17 U.S.C. § 106.

40. Sutherland knew or should have known that making copies of or creating derivative works from MRI's Copyrighted Works infringed MRI's copyrights therein and is thereby liable for willful infringement of such copyrights.

41. MRI is entitled to damages for Sutherland's infringement in an amount to be proven at trial, including both the actual damages suffered by MRI and Sutherland's profits attributable to the infringement. See 17 U.S.C. § 504. Alternatively, upon election before final judgment is entered, MRI is entitled to recover statutory damages. *Id*.

42. Further, Sutherland's past and continuing infringement of MRI's copyrights has caused and will continue to cause irreparable injury to MRI. Unless restrained and enjoined, Sutherland will continue to commit such acts of infringement. Monetary damages are not adequate to compensate MRI for such inflicted and threatened injuries, entitling it to additional remedies, including temporary and permanent injunctive relief, pursuant to 17 U.S.C. § 502, and an order impounding and destroying any and all infringing materials, pursuant to 17 U.S.C. § 503.

## PRAYER FOR RELIEF

WHEREFORE, MRI demands that:

1. Sutherland, its agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms, or corporations in active concert or participation with Sutherland be enjoined and restrained preliminarily and permanently from:

    a. copying, distributing, using, or creating derivative works from the Copyrighted Works in any way, including for any purpose;

    b. otherwise engaging in any acts of copyright infringement against MRI;

2. An order be issued compelling specific performance of the written covenants and agreements under the Agreement, including requiring Sutherland to:

    a. pay all amounts due and owed plus interest;

    b. cease and desist all use of the Software, Content and Confidential Information of MRI;

    c. remove all instances of the MRI Software from its possession or the possession of anyone in its control;

    d. provide MRI or its agents access to Sutherland's systems to confirm the removal of the MRI Software;  and

    e. file with this Court and serve upon MRI, within 30 days after the entry and service on Sutherland of an order, a report in writing and under oath setting forth in detail the manner and form in which Sutherland has complied with the order;

3. MRI recover all damages it has sustained as a result of Sutherland's activities and that said damages be trebled;

4. An order be issued awarding MRI punitive damages in a sum to be determined at trial;

5. MRI recover its legal fees and costs, as specifically provided by Section 10.16 of the Agreement;

6. MRI recover maximum statutory damages pursuant to 17 U.S.C. § 504;

7. MRI recover from Sutherland MRI's costs of this action, reasonable counsel fees, and prejudgment and postjudgment interest; and

8. MRI have all other and further relief as the Court may deem just and proper under the circumstances.

Dated: December 11, 2013  Respectfully submitted,


By: /s/ Georgia Yanchar
Daniel J. McMullen (Ohio Bar No. 0034380)
Georgia E. Yanchar (Ohio Bar No. 0071458)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
E-mail: dmcmullen@calfee.com
 gyanchar@calfee.com

PLAINTIFF'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

Dated: December 11, 2013

Respectfully submitted,

By: /s/ Georgia Yanchar
Daniel McMullen (Ohio Bar No. 0034380)
Georgia Yanchar (Ohio Bar No. 0071458)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East Sixth Street
Cleveland, Ohio 44114-1607
Telephone: (216) 622-8200
Facsimile: (216) 241-0816
E-mail: dmcmullen@calfee.com
gyanchar@calfee.com